Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**LAW OFFICE OF KEVIN L. HERNANDEZ**
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CORY LAIDLAW, an individual;<br><br>Plaintiff,<br><br>v.<br><br>CONVERGENT OUTSOURCING, INC., a foreign corporation;<br><br>Defendant. | Case No.: 2:21-cv-00405<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.**<br><br>**JURY DEMAND** |

Plaintiff, Cory Laidlaw ("Plaintiff"), by and through the undersigned counsel of record, and for his claims for relief against Defendant, Convergent Outsourcing, Inc. ("Convergent") complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises out of Convergent's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

2. This Court has jurisdiction over this matter under 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

3. Under 28 U.S.C. § 1391(b), venue in this District is proper because Plaintiff and Defendant reside and/or do business in the District of Nevada.

4. Under 28 U.S.C. § 1391(b), venue is proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## PARTIES

5. Plaintiff is an adult individual residing in the State of Nevada.

6. As an individual, Plaintiff is a "consumer" under 15 U.S.C. § 1692a(3).

7. Convergent is a foreign corporation whose principal purpose is the collection of consumer debts.

8. Convergent regularly collects or attempts to collect consumer debts owed or due another, or asserted to be owed or due another, and therefore, Convergent is a "debt collector" under 15 U.S.C. § 1692a(6).

9. Convergent's principal purpose is to purchase, service, and collect defaulted consumer debts, and therefore, Convergent is a "debt collector" under 15 U.S.C. § 1692a(6).

10. Convergent's website ([www.convergentusa.com/outsourcing](www.convergentusa.com/outsourcing)) further demonstrates its status as a "debt collector" under the FDCPA because the website describes Convergent as a "third party debt collector" in the business of "process outsourcing, revenue cycle, and receivables management."

11. Convergent's website further demonstrates its status as a "debt collector" under the FDCPA because the website boasts "Convergent is one of America's leading collections agencies."

12. Convergent's website lists its membership in various debt collection organizations, including the Association of Credit and Collection Professionals (ACA International).

13. Convergent's written communications further demonstrates its status as a "debt collector" under the FDCPA because the communications provide the disclosures required under 15 U.S.C. 1692e(11), also known as the "mini-Miranda" warning, i.e. "This is an attempt to collect a debt and any information will be used for that purpose. This communication is from a debt collector."

## FACTUAL ALLEGATIONS

14. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

15. Convergent sought to collect a "debt" against Plaintiff under 15 U.S.C. § 1692a(5) and NRS § 649.010.

16. Within the past year, Convergent wrongfully engaged in collection activities against Plaintiff for an alleged financial obligation arising out of a personal cellular service account with Sprint with an alleged balance of $135.18 (the "Debt").

17. The Debt was incurred as a result of services provided by Sprint ("Creditor"), which were primarily for family, personal, or household purposes, and which meet the definition of a "debt" under 15 U.S.C § 1692a(5).

18. The Debt was purchased, assigned, or transferred to Convergent for collection after the Debt was in an alleged default status with the Creditor, meaning it was charged off with the Creditor as uncollectible.

19. On August 26, 2020, before the Creditor transferred the Debt to Convergent, the Creditor confirmed Plaintiff's request to close the account at the end of the billing cycle on September 7, 2020.

20. Plaintiff paid the Debt in full.

21. Plaintiff contacted Sprint by telephone to advise them that they were billing him incorrectly after he paid the Debt in full.

22. On January 11, 2021, Convergent sent Plaintiff a collection letter seeking to collect the Debt.

23. Upon receiving the January 2021 collection letter, Plaintiff again called Sprint on multiple occasions to dispute the Debt because he had paid it in full.

24. On January 20, 2021, Plaintiff submitted a detailed written dispute to Convergent via certified mail explaining that he had paid the Debt in full (Tracking No. 7019 1120 0001 0051 0475).

25. Plaintiff advised Convergent of his intent to seek legal representation in his written dispute.

26. Plaintiff demanded Convergent cease all collection actions against him in his written dispute.

27. On February 12, 2021 Plaintiff's attorney of record sent Convergent a Letter of Representation demanding Convergent release the Debt in full and cease all communication and collection efforts against Plaintiff.

28. On March 6, 2021, Plaintiff received a collection letter from Convergent seeking to collect the Debt ("Collection Letter"), along with a purported validation of the Debt.

29. Convergent sent the Collection Letter directly to Plaintiff.

30. Convergent did not copy Plaintiff's attorney of record on the Collection Letter.

31. Convergent sent the Collection Letter without Plaintiff's consent.

32. Convergent sent the Collection Letter with knowledge that Plaintiff was represented by an attorney regarding the Debt.

33. The Collection Letter claims the debt is "valid" and provides a newly inflated balance of $141.15.

## FIRST CLAIM FOR RELIEF

### [Violations of the FDCPA; 15 U.S.C. § 1692, et seq.]

34. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

35. Convergent violated 15 U.S.C. § 1692c by continuing to contact Plaintiff to collect the Debt without his consent and with knowledge that Plaintiff was represented by legal counsel for the Debt. Convergent never investigated or attempted to contact Plaintiff's counsel to confirm Plaintiff was indeed represented.

36. Convergent violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations or means in connection with the collection of the Debt by contacting Plaintiff to collect the Debt directly and without consultation with his attorney.

37. Convergent violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount, and legal status of the Debt when they sought to collect the Debt, and validated the Debt, knowing Plaintiff does not owe it and by artificially inflating the Debt in its validation to Plaintiff.

38. Convergent violated 15 U.S.C. § 1692f by using unfair and unconscionable means to attempt to collect the Debt, including without limitation, contacting Plaintiff directly to collect the Debt knowing he was represented by an attorney.

39. Convergent violated 15 U.S.C. § 1692f by using unfair and unconscionable means to attempt to collect the Debt, including without limitation, using their position of power over Plaintiff to attempt to force him to pay for the Debt when it should have known Plaintiff does not owe it.

40. Convergent violated 15 U.S.C. § 1692f(1) by seeking to collect interest, fees, charges, and expenses not expressly authorized by the agreement creating the Debt or permitted by law by seeking to collect the Debt knowing Plaintiff does not owe the Debt and artificially inflating the balance.

41. Convergent's acts and omissions were willful, reckless and/or negligent violations of the FDCPA, including every one of the above-cited provisions.

42. In the alternative, Convergent was negligent in the above-referenced acts and omissions, entitling Plaintiff to recover under 15 U.S.C. § 1692k(a)(1).

43. As a direct and proximate result of the above-referenced violations by Convergent, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

44. Plaintiff suffered actual harm as a direct and proximate result of Convergent's actions through the embarrassment, intrusion, invasion of privacy, and wasted time associated with Convergent's collection tactics referenced in this Complaint.

45. Plaintiff suffered further actual harm through certified mailing and service costs to both Convergent and Sprint in his attempts to have them cease contact and release the Debt he does not owe.

46. Plaintiff has been forced to retain the Law Office of Kevin L. Hernandez to pursue these claims and is therefore entitled to recover reasonable attorney's fees plus costs incurred under 15 U.S.C. § 1692k.

47. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

48. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

**WHEREFORE,** Plaintiff prays for relief as follows:

1. For an award of actual damages;
2. For an award of statutory damages;
3. For punitive damages;
4. For an award reimbursing Plaintiff for reasonable attorney's fees, costs, and interest incurred; and
5. For such other further relief as the court deems proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

Dated: March 10, 2021

**LAW OFFICE OF KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez*
Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*